IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 19 2014
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. 3:14cr115 DPJ-FKB

RODNEY GERALD HENDERSON                 21 U.S.C. § 846
STEVEN ELIAS OCHOA                      21 U.S.C. § 841(a)(1)
MICHAEL THOMAS MCLEMORE
JENNIFER HIGGINS MCLEMORE and
KENNETH WAGGONER

**The Grand Jury charges:**

COUNT 1

Beginning at a date unknown but as early as October 2012, and continuing through the date of the indictment, in Neshoba, Rankin and Scott Counties and elsewhere, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **RODNEY GERALD HENDERSON, STEVEN ELIAS OCHOA, MICHAEL THOMAS MCLEMORE, JENNIFER HIGGINS MCLEMORE and KENNETH WAGGONER,** knowingly and willfully did conspire with each other and others known and unknown to the grand jury, to knowingly and intentionally distribute actual Methamphetamine, a Schedule II controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, and Section 2, Title 18, United States Code.

## QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY

With respect to **RODNEY GERALD HENDERSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **STEVEN ELIAS OCHOA**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **MICHAEL THOMAS MCLEMORE**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **JENNIFER HIGGINS MCLEMORE**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **KENNETH WAGGONER**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

COUNT 2

On or about March 7, 2013, in Neshoba County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **STEVEN ELIAS OCHOA and MICHAEL THOMAS MCLEMORE**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a quantity of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 3

On or about March 18, 2013, in Scott County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **STEVEN ELIAS OCHOA and MICHAEL THOMAS MCLEMORE**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 4

On or about September 5, 2013, in Rankin County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **MICHAEL THOMAS MCLEMORE and JENNIFER HIGGINS MCLEMORE**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 5

On or about September 5, 2013, in Neshoba County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **MICHAEL THOMAS MCLEMORE and JENNIFER HIGGINS MCLEMORE**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 6

Beginning on or about August 19, 2013, and continuing through on or about September 6, 2013, in Scott County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **STEVEN ELIAS OCHOA, MICHAEL THOMAS MCLEMORE and JENNIFER HIGGINS MCLEMORE**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

NOTICE OF FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants, **RODNEY GERALD HENDERSON, STEVEN ELIAS OCHOA, MICHAEL THOMAS MCLEMORE, JENNIFER HIGGINS MCLEMORE and KENNETH WAGGONER**, shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

Further, if any property described above, as a result of any act or omission of the defendants: a) cannot be located upon the exercise of due diligence; b) has been transferred or

sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the Court; d) has been substantially diminished in value; or e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of said defendant up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 19th day of August, 2014.

UNITED STATES MAGISTRATE JUDGE